### MARY P. DESCHLER v. GUSTAVUS S. FRANKLIN, EXR.

ESTATE NOT LIABLE FOR TORTS OF EXECUTOR.

The estate of a deceased person is not liable for the torts of an executor.   If a cause of action arises through the negligence of an executor in managing an estate, as for injuries received in the operation of a passenger elevator in an office building owned by the estate, the suit must be against such executor personally and not in his representative capacity.

HEARD ON ERROR.

Deschler v. Franklin, Exr.

CHERRINGTON, J.

The action below was brought by Mary P. Deschler, against Dr. G. S. Franklin as executor of the last will of Lewis W. Foulke, deceased, to recover damages for an injury claimed to have been received by said plaintiff while riding as a passenger in an elevator in an office building known as the Foulke block, in Chillicothe. The petition alleges the death of said testator, the appointment and qualification of the defendant as executor, and charges, among other things, that the defendant, as such executor, was managing the building known as the Foulke block, in Chillicothe, Ohio, and was running and operating a passenger elevator in said building for the purpose of carrying passengers from one floor to another, all in the interest and for the benefit of said estate.

Plaintiff further alleges that on April 18, 1897, she was admitted as a passenger in said elevator by the defendant executor's servant, to be carried from the third floor of said building to the first, and while in the act of leaving said elevator, after it had reached the first floor, was dangerously and seriously injured by the carelessness and gross negligence of the operator.

A general demurrer was filed to this petition and was overruled by the court below, and defendant excepted.

Thereupon issue was made between the parties, trial was had and plaintiff recovered judgment for $1741.00 and costs.

Error is prosecuted to this court upon numerous grounds, among others, the overruling of the defendant's demurrer.

The question to be determined is whether or not the estate of a deceased person can be made to respond in damages for the torts of the executor.

We have examined the authorities at great length upon this question, and ca ot find any decision which will warrant us in answering this question in the affirmative.

In Westfall v. Dungan, 14 Ohio St., 276, the Supreme Court of this state held that an estate was not liable for the false or fraudulent representations of the executor.

The theory of the law has always been that the property of an estate shall be held intact for the benefit of the creditors and beneficiaries, and that the representative can not create any new or additional liabilities against the estate. If any cause of action arises through his negligence in managing the estate, it must be against him personally and not against him in his representative capacity.

We find, therefore, that the lower court erred in overruling the demurrer to the petition, and for that reason the judgment is reversed.

*W. Allen, R. A. Harrison* and *John P. Phillips*, for plaintiff in error.

*W. Edgar Evans*, for the defendant in error.